Employees — Motor Pool — Turnpike Fees — Reimbursement A state officer or employee, when driving a car belonging to the Motor Pool on state business and traveling on a turnpike, may not lawfully be reimbursed for turnpike fees expended for such travel. The Attorney General has had under consideration your letter dated July 25, 1968, requesting an opinion. You, in effect, ask two questions as follows: 1. May a state officer or employee, when driving a car belonging to the motor pool on state business and traveling on a turnpike, lawfully be reimbursed for turnpike fees expended for such travel? 2. Is the following rule and regulation adopted by the director of the State Motor Pool Division and approved by the State Board of Public Affairs valid? Said rule reads as follows: "When a driver of a motor pool car uses a toll road, the driver is to pay the toll charges, and keep his receipt. To be reimbursed for these toll charges, the driver may put the charge on his travel claim with his per diem and be reimbursed by the agency for which he works." In Opinion No. 68-215 issued by this office we held that turnpike fees are not legitimate claims on in-state travel vouchers incurred while driving a privately owned automobile on state business. Title 74 O.S. 500.11 [74-500.11] (1961), makes provision for subsistence expenses incurred by state officials or employees and permits reimbursement thereof; however, the term "subsistence" does not include toll fees as a part thereof. Title 74 O.S. 500.8 [74-500.8] (1967), makes provision for reimbursement of a per diem allowance in lieu of subsistence; however, the amount authorized is a flat rate depending upon whether the officer or employee of the state is traveling within or without the State of Oklahoma, and makes no mention of any other expenses authorized to be reimbursed. Title 74 O.S. 500.10 [74-500.10] (1961), permits reimbursement of certain expenses in addition to the stipulated per diem allowance, provided that such expenses are necessary to the proper conduct of official state business. These additional expenses are transportation fares and accommodations by public conveyance, or mileage on a personally owned automobile or airplane; taxi, bus and street-car fares; and telephone and telegraph charges. Toll fees for use of turnpikes are not included as a reimbursable expense listed under this section. Title 74 O.S. 500.5 [74-500.5] (1967) provides for reimbursement for the use of a personally owned automobile, but makes no mention of reimbursement for toll fees charged for the use of turnpikes whether the automobile driven is personally or state owned. It is well established that public officers have only such authority as is conferred upon them by law, and such authority must be exercised in the manner prescribed by law. Brown v. State Election Board, Okl., 369 P.2d 140. A thorough study of 74 O.S. 500.1 [74-500.1] (1961) et seq., as amended, fails to reveal any authority for reimbursement of turnpike fees. Therefore, in answer to your first question, it is the opinion of the Attorney General that a state officer or employee, when driving a car belonging to the Motor Pool on state business and traveling on a turnpike, may not lawfully be reimbursed for turnpike fees expended for such travel. In answer to your second question, 47 O.S. 159.5 [47-159.5] (1967), among other things, grants the director of the State Motor Pool Division the authority to promulgate and adopt such rules and regulations which are necessary for the efficient and economical operation, maintenance, repair and replacement of motor vehicles under its control. These rules and regulations are subject to the approval of the State Board of Affairs. Generally boards created by statute may exercise only the powers granted by the statute and their authority to make rules for their various procedures do not include the authority to make rules which in effect extend their powers beyond those granted by statute. Boydston v. State, Okl., 272 P.2d 138. The authority given by Section 47 O.S. 159.5 [47-159.5] makes no mention of authority to make rules and regulations regarding reimbursement. Reimbursement for travel expenses is governed generally by 74 O.S. 500.1 [74-500.1] (1961) et seq., as amended. It therefore appears that the promulgation of such rule exceeds the powers granted to the director and therefore the same is invalid. All of the foregoing considered and in answer to your second question, it is the opinion of the Attorney General that the rule and regulation "When a driver of a motor pool car uses a toll road, the driver is to pay the toll charges, and keep his receipt. To be reimbursed for these toll charges, the driver may put the charge on his travel claim with his per diem and be reimbursed by the agency for which he works." is invalid. (W. Howard O'Bryan Jr.)